# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:05CR80 |
| | § | (Judge Schneider/Judge Bush) |
| RAFAEL CASTANEDA-ESPINOZA | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's request to extend time for filing appeal. Having held a hearing on the matter on July 31, 2006, the Court finds that Defendant's request should be denied.

On April 28, 2005, Defendant entered a guilty plea to Count One of the Indictment, which charges him with violating 8 U.S.C. § 1326(a) and (b). That day, this Court entered a Report recommending that the District Court adopt Defendant's guilty plea. The District Court adopted the guilty plea on June 1, 2005 and sentenced Defendant on October 11, 2005. The District Court entered a judgment on October 20, 2005. Defendant filed a notice of appeal on November 21, 2005. Noting that Defendant's appeal was untimely filed, the Fifth Circuit remanded the matter to the District Court to determine whether Plaintiff should be permitted to file an appeal out of time.

Federal Rule of Appellate Procedure 4(b)(4) grants a Defendant 10 days from the entry of judgment to file an appeal. Defendant therefore had until November 3, 2005 to file his appeal. When an appeal is not timely filed, the District Court may, upon a showing of good cause or excusable neglect, extend the time for filing an appeal by 30 days. The Supreme Court laid out the guideposts for "excusable neglect" in *Pioneer Invest. Servs. Co. v. Brunswick Asssocs Ltd.*

1

*P'ship*, 507 U.S. 380 (1993). Although *Pioneer* was a bankruptcy action, the Fifth Circuit held that *Pioneer* controls determinations of excusable neglect under Rule 4(b). *U.S. v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995). Under *Pioneer*, when determining whether neglect is excusable, a Court must consider (1) the danger of prejudice to Defendant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the control of the Defendant, and (4) whether the Defendant acted in good faith. *Pioneer*, 507 U.S. at 395. "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.…" *Id.* at 392; *Clark*, 51 F.3d at 43.

At the hearing, the Court heard testimony from Defendant and Defendant's counsel. Defendant testified that his counsel as well as the Court advised him of his right to appeal and that he knew there was a 10 day period to do so. Defendant testified that he told his counsel that he did not want to appeal. After the 10 day period had expired, a fellow inmate told Defendant that he should try and appeal to have his sentence reduced to the lower end of the sentencing guideline range, in that he had been sentenced at the higher end of the range. That was the only reason given for his out of time filing.

The reason for the delay rested only with the Defendant. The Court finds the Defendant did not act in good faith. There is little prejudice to the Defendant in that he was sentenced within the guideline range. Although the length of the delay poses no impact on the judicial proceedings, time limitations on filing an appeal deserve consideration. The Court finds that, under all of the circumstances noted, Defendant has failed to establish excusable neglect.

### **RECOMMENDATION**

Based upon the foregoing, the Court recommends that Defendant's request to extend time

for filing appeal be DENIED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of August, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE